UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEETA RANI, *et al.*,

      Plaintiffs,

v.                                        Civil Action 2:23-cv-3986
                                               Chief Judge Sarah D. Morrison
                                               Magistrate Judge Chelsey M. Vascura

OSCAR A. RIVERA, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

On August 9, 2024, Plaintiff's counsel issued a subpoena *duces tecum* and for deposition to non-party The Lincoln National Life Insurance Company, LLC ("Lincoln National"). Service of the subpoena was effected on August 12, 2024, via process server, at the address for Lincoln National's statutory agent on file with the Ohio Secretary of State. Lincoln National never responded to the subpoena and failed to appear for its deposition. (*See* ECF No. 16.)

On September 23, 2024, Plaintiff filed a Motion to Show Cause for failure to comply with the subpoena (ECF No. 16). The Court granted that motion on October 2, 2024, and ordered Lincoln National to appear before the undersigned via teleconference on October 16, 2024, to show cause why it should not be held in contempt for failure to respond to Plaintiff's subpoena under Federal Rule of Civil Procedure 45(g). (ECF No. 18.) The Court further advised Lincoln National that as a limited liability company, it could proceed only through licensed counsel. (*Id.*) Counsel for Plaintiff and Defendants appeared at the October 16, 2024 show cause hearing, but Lincoln National did not appear.

Federal Rule of Civil Procedure 45 provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The undersigned finds that Lincoln National failed without adequate excuse to obey the subpoena served upon it by Plaintiff on August 12, 2024. It is therefore **RECOMMENDED** that Lincoln National be held in contempt and that a fine of **$100.00 PER DAY** be imposed on it until it complies with the requirements of Rule 45 for responding to a subpoena. For clarity, the undersigned takes no position as to whether any objections to the subpoena are available to Lincoln National. It is further **RECOMMENDED** that Lincoln National be ordered to pay the attorney's fees and costs Plaintiff reasonably incurred in connection with its motion for a show cause hearing and Plaintiff's appearance at the October 16, 2024 show cause hearing. Finally, it is **RECOMMENDED** that these sanctions *not* be imposed should Lincoln National respond to the subpoena in compliance with Rule 45 within fourteen days of being personally served with this Report and Recommendation.

The United States Marshal is **DIRECTED** to serve this Report and Recommendation by personal service on The Lincoln National Life Insurance Company, LLC, c/o United States Corporation Agents, Inc., 1991 Crocker Road, Suite 600-755, Westlake, OH  44145. The Clerk is **DIRECTED** to send a copy of this Report and Recommendation via regular and certified mail to The Lincoln National Life Insurance Company, LLC, c/o United States Corporation Agents, Inc., 1991 Crocker Road, Suite 600-755, Westlake, OH  44145.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE