UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEETA RANI, *et al.*,

      Plaintiffs,

  v.

OSCAR A. RIVERA, *et al.*,

      Defendants.

:

:

Case No. 2:23-CV-3986
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey Vascura

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 35.) In their Motion, Plaintiffs seek judgment as a matter of law on two issues: (1) that Oscar Rivera was negligent, and; (2) that Veeco Holdings, LLC d/b/a Veeco Services is liable for Rivera's negligence under the doctrine of respondeat superior. The Motion is fully briefed and ripe for decision.[1] (ECF Nos. 40, 41.)

---

[1] After the Motion was fully briefed, Plaintiffs filed a document they titled "Notice of Withdrawal of Motion for Partial Summary Judgment," stating that they did not realize that a trial date would not be set until after the Court ruled on the pending motion. (ECF No. 43.) In their "Notice", Plaintiffs ask for a status conference and ask that the Court set this case for trial—without acknowledging that they previously told the Court that they believe that there are no genuine issues of material fact for a jury to decide on two issues. Nothing in the Civil Rules of Procedure allow a party to withdraw a motion for summary judgment because she wants the Court to set a trial date. In fact, summary judgment is an important tool for litigants, courts, and jurors to resolve cases without the need for a jury trial when there is no genuine issue of material fact. Even when a case cannot be completely resolved on summary judgment, a court's ruling on such a motion can narrow the issues for trial. Accordingly, Plaintiffs' request to withdraw their Motion for Partial Summary Judgment is **DENIED**.

I.      STATEMENT OF FACTS

    A.      **Undisputed Facts**

This case arises from a car accident that occurred on April 2, 2023. On that day, at approximately 7:30 p.m., Geeta Rani was driving a rental vehicle westbound on Interstate 70 in the right lane in Muskingum County, Ohio; Rishipal Singh and Mithlesh Mithlesh were Rani's passengers. (Rani Aff., ECF No. 35-1, PAGEID # 494; Rani Dep., ECF No. 34, PAGEID # 373–79.) Rivera was behind Rani's car, also traveling westbound on I-70—he was driving a tractor-trailer and was in the scope of his employment with Veeco Holdings. (Rivera Dep., ECF No. 31, PAGEID # 116, 127; ECF No. 35-1, PAGEID # 500.) Rivera testified that he saw Rani's vehicle ahead of him before the accident. (Rivera Dep., PAGEID # 127–28, 131, 135.)

The accident occurred when the front end of Rivera's vehicle struck the rear-end of Rani's car. (*Id.*, PAGEID # 133.) At the time of the accident, the conditions were clear, and the sun was setting. Rivera had his sun visor down and was wearing prescription glasses to correct his vision; he was not wearing sunglasses. (*Id.*, PAGEID # 117–18, 127, 147.)

Rivera was cited for failure to maintain an assured clear distance pursuant to Ohio Rev. Code § 4511.21(A). (Lt. Henry Dep., ECF No. 32, PAGEID # 191.) He paid the associated fine without disputing the citation. (Rivera Dep., PAGEID # 138–39.)

    B.      **Disputed Facts**

Rivera saw that the roadway in front of Rani's car was free and clear of traffic. (Rivera Dep., PAGEID # 131.) He testified that he and Rani were both

traveling around 70 miles per hour (the posted speed limit for this part of I-70).[2] (*Id.*, PAGEID # 128.) Plaintiffs retained an accident reconstruction specialist, Charles Scales, who estimates that, at the time of impact, Rivera's speed was just under 70 miles per hour, and Rani's speed was within 24 miles per hour or less of Rivera's speed. (Scales Dep., ECF No. 39, PAGEID # 560–61.)

According to Rivera, Rani "all of a sudden" applied her brakes to slow down. (Rivera Dep., PAGEID # 127, 131.) At the time, "the distance was too short [for Rivera] to brake, to avoid from touching the car in front of [him]." (*Id.*, PAGEID # 128.)

Katherine Smith was driving in the left lane and witnessed the accident. She saw Rivera's truck behind Rani's vehicle; at the time, Rani was "driving slowly[.]" (Smith Dep., ECF No. 33, PAGEID # 330.) Smith saw Rivera hit his brakes "[m]aybe two or three seconds" before impact. (*Id.*, PAGEID # 332.) "The truck appeared to try to turn to the left to avoid hitting the car" but "there wasn't enough space or enough time." (*Id.*, PAGEID # 333.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving

---

[2] Rani does not remember how fast she was traveling, but she testified she usually follows the speed limit sign and drives accordingly. (Rani Dep., PAGEID # 383–84.)

3

party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

### III.  ANALYSIS

#### A.  Whether Rivera Was Negligent

Plaintiffs' first claim alleges that Rivera negligently operated his tractor-trailer. The elements of a claim for negligence are: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of

4

the defendant's breach." *Wallace v. Ohio Dept. of Com.*, 2002-Ohio-4210, ¶ 22, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

Ohio law prohibits anyone driving a "motor vehicle … in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21(A). A driver violates this statute when "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Pond v. Leslein*, 72 Ohio St.3d 50, 52 (1995), quoting *Blair v. Goff–Kirby Co.*, 49 Ohio St.2d 5, 7 (1976).

Rivera violated Ohio Rev. Code § 4511.21(A). It is undisputed that Plaintiffs' car was ahead of Rivera in Rivera's path of travel, that Plaintiffs were moving in the same direction as Rivera, that Plaintiffs did not suddenly appear in Rivera's path, and that Rivera actually saw Plaintiffs' car ahead of him before the collision. It also is undisputed that the road conditions were clear, and the sun was setting. Rivera suggests that the setting sun might have bothered Rani, but he does not claim that the sun interfered with his ability to see Plaintiffs' vehicle. (Rivera Dep., PAGEID # 127.)

Violation of Ohio's assured clear distance statute constitutes negligence *per se*. *Pond* at 53, citing *Skinner v. Pennsylvania RR. Co.*, 127 Ohio St. 69 (1933), syllabus; *Transp. Corp. of Indiana v. Lenox Trucking, Inc.*, 15 Ohio St.2d 1 (1968), paragraph one of the syllabus; *Blair* at 7. Thus, as a matter of law, Rivera was

5

negligent *per se* in the accident when he failed to maintain assured clear distance from Rani's car.³ *Pond* at 52–53.

But this legal conclusion resolves only the first two elements of Plaintiffs' negligence claim; it does not resolve the issues of causation or damages. *Id.*; *see also Kinzer v. Serv. Trucking, Inc.*, No. 2:17-CV-675, 2020 WL 815665, at *3 (S.D. Ohio Feb. 19, 2020) (Morrison, J.); *Merchants Mut. Ins. Co. v. Baker*, 15 Ohio St.3d 316, 318 (1984) ("Negligence *per se* does not equal liability *per se*."). And here, there are genuine disputes of material fact on both causation and damages.

Plaintiffs provide neither evidence nor argument on damages.

As to causation, Defendants argue that Rani was a contributory cause of the accident because she failed to operate her vehicle at a speed that was reasonable and proper for the conditions that day. (Defs.' Resp., PAGEID # 665–66.) Defendants have presented sufficient evidence for a jury to find that Rani

---

³ Plaintiffs also argue that Rivera violated Ohio Rev. Code § 4511.202(A), which prohibits drivers from operating a motor vehicle "without being in reasonable control of the vehicle[.]" (Pls.' Mot., PAGEID # 488–89.) It is unclear whether Plaintiffs make this argument to support a finding of negligence *per se* or simply as evidence of negligence. In any event, Ohio courts have held that § 4511.202 is a "general duty statute" rather than a "specific duty statute," so it cannot establish the basis for a claim of negligence *per se*. *Morris v. Gavan*, No. 1:08-CV-01436, 2009 WL 1921116, at *3 (N.D. Ohio) (citing *Campbell v. Hall*, 1989 WL 29856, *2 (6th Dist. Mar. 31, 1989)). And Plaintiffs have not established as a matter of law that Rivera violated § 4511.202(A)—they cite *State v. Burwinkel* where the court inferred that a defendant's driving violated § 4511.202(A) because she was "unable to brake properly and maintain proper control of her vehicle" while other drivers around her did. 2005-Ohio-4143, ¶ 11 (1st Dist.). Here, on the other hand, there are no other drivers to compare Rivera's driving. Thus, to the extent that Plaintiffs' Motion asks the Court to find as a matter of law that Rivera violated § 4511.202(A), the Motion is **DENIED**.

negligently violated two provisions of Ohio Rev. Code Chapter 4511[4]—a jury could find that Rani was driving too slowly in light of traffic conditions and/or that she suddenly and unexpectedly applied her brakes, quickly reducing her speed in a negligent manner.[5] Ohio state courts have consistently held that whether a motorist's negligent operation of a vehicle was the sole or a contributory cause of collision is an issue to be determined by the trier of fact. *Buchanan v. Mattingly*, No. 1:10-CV-856, 2012 WL 787381, at *6 (S.D. Ohio Mar. 9, 2012) (Litkovitz, M.J.) (collecting Ohio cases). And, if the jury finds that Rani was also driving in a negligent manner, it must then decide the relative liability of Rani and Rivera.[6]

Thus, to the extent that Plaintiffs' Motion asks the Court to find as a matter of law that Rivera was negligent *per se* in failing to maintain assured clear distance ahead, the Motion is **GRANTED**. But to the extent that Plaintiffs' Motion asks the

---

[4] The two provisions at issue prohibit drivers from operating a motor vehicle "at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions", Ohio Rev. Code § 4511.21(A), or "without being in reasonable control of the vehicle", Ohio Rev. Code § 4511.202(A).

[5] As Plaintiffs point out, a sudden braking event is not enough to relieve a driver from the duty to maintain assured clear distance ahead. (Reply, PAGEID # 675 (citing *Cox v. Polster*, 174 Ohio St. 224 (1963); *Piper v. McMillan*, 134 Ohio App.3d 180 (7th Dist. 1999).) But such an event could be relevant to causation.

[6] Under Ohio law, the contributory fault of a plaintiff does not bar recovery of "damages that have directly and proximately resulted from the tortious conduct of one or more other persons, if the contributory fault of the plaintiff was not greater than the combined tortious conduct of all other persons from whom the plaintiff seeks recovery in [the] action and of all other persons from whom the plaintiff does not seek recovery in [the] action." Ohio Rev. Code § 2315.33. However, "the court shall diminish any compensatory damages recoverable by the plaintiff by an amount that is proportionately equal to the percentage of tortious conduct of the plaintiff...." *Id.*

7

Court to grant them summary judgment on their negligence claim, the Motion is **DENIED**.

### B. Whether Veeco Holdings is Vicariously Liable

Veeco Holdings does not dispute that Rivera was its employee or that he was acting in the course and scope of his employment when the accident occurred. (Defs.' Resp., PAGEID # 671.) As such, Veeco Holdings is vicariously liable to Plaintiffs if Rivera is found to be liable and owes damages for the accident. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 2009-Ohio-3601, ¶ 20 (holding that an employer is generally vicariously liable for the torts of its employees). But Rivera's liability must be decided by a jury.

Accordingly, Plaintiffs' Motion is **DENIED** to the extent that it asks the Court to find that Veeco Holdings, LLC d/b/a Veeco Services is liable under the doctrine of respondeat superior.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 35) is **GRANTED** to the extent that the Court finds as a matter of law that Rivera was negligent *per se* in failing to maintain assured clear distance ahead. In all other respects, the Motion is **DENIED**.

The Court will set a trial on the remaining issues by separate order.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8