# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

GEETA RANI, *et al.*,

        **Plaintiffs,**    :

    v.

OSCAR A. RIVERA, *et al.*,

        **Defendants.**

Case No. 2:23-cv-3986
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Geeta Rani's, Rishipal Singh's, and Mithlesh Mithlesh's claims will be tried to a jury on November 17, 2025. (ECF No. 48). This matter is before the Court on Defendants' pre-trial motions (ECF Nos. 63, 66, 71). The Court will address each in turn.

**I.    MOTIONS *IN LIMINE***

    **A.    Standard of Review**

A motion *in limine* allows a court to make an advance ruling on the evidence that will be admissible at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The motions thus "narrow the issues remaining for trial" and "minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).

To obtain the *in limine* exclusion of evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016) (Sargus, J.). Still, a ruling on a motion *in limine* is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts have developed that warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court will therefore hear objections to evidence as they arise at trial, even if the proffered evidence falls within the scope of a denied motion *in limine*.

B. **Defendants' Motion to Preclude Expert Testimony on Legal Conclusions Regarding Ultimate Issues**

In their first Motion *in Limine*, Defendants state that they anticipate Plaintiffs will seek to introduce expert testimony that provides a legal conclusion and they ask the Court to preclude such expert testimony under Federal Rule of Evidence 702. (ECF No. 63.)

Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule "imposes a special obligation upon a trial judge to ensure that scientific testimony is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 137 (1999) (citing *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993)). This basic gatekeeping obligation applies to all expert testimony. *Kumho Tire Co.*, 526 U.S. at 147.

District courts have a wide, but not unlimited, degree of discretion in admitting or excluding testimony that arguably contains a legal conclusion. *See United States v. Nixon*, 694 F.3d 623, 631 (6th Cir. 2012). Opinion testimony may embrace an ultimate issue, Fed. R. Evid. 704(a), but an opinion "carefully couched in the precise language used in case law" may be suspect. *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). Exclusion is proper when an opinion "tracks almost verbatim the language of the applicable statute" or uses a term that "has a specialized meaning in the law and in lay use the term has a distinctly less precise meaning." *Torres v. Cnty. of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985) (citations omitted). However, testimony is admissible when terms have overlapping medical vernacular and legal usages. *See United States v. Volkman*, 797 F.3d 377, 389–90 (6th Cir. 2015).

Defendants seek to preclude medical expert Dr. Priti Nair from testifying that Plaintiffs Singh and Mithlesh each "suffered permanent and substantial physical deformity" as a result of the accident, arguing that the phrase "suffered permanent and substantial physical deformity" tracks the statutory language for

3

the exception to Ohio's damages cap in personal injury litigation.[1] (ECF No. 63, PAGEID # 788.) Plaintiffs oppose, responding that Dr. Nair's use of the phrase "suffered permanent and substantial physical deformity" is not a legal conclusion because: (1) the phrase does not have a unique legal meaning; and (2) Dr. Nair's use of the phrase is medical rather than legal. (ECF No. 73, PAGEID # 929.) The Court agrees.

The statute governing Ohio's damages cap in personal injury litigation sets forth an exception for "permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system." Ohio Rev. Code § 2315.18(B)(3)(a). While Dr. Nair's use of the phrase "permanent and substantial physical deformity" tracks the language of Ohio's damages cap statute, the legal understanding of that phrase does not carry with it a separate, distinct and specialized meaning from its medical counterpart; "instead, one elucidates the other." *Volkman*, 797 F.3d 377 at 389–90. Moreover, the Court would not preclude Dr. Nair's use of the individual components of the phrase (i.e., "permanent" and "substantial") in her testimony given that they are often used in the medical world and thus are necessary to permit sensible and coherent expert opinion on the relevant medical issues. Thus, the Court finds no basis to preclude Dr. Nair's use of such terms combined in a phrase.

Accordingly, the Motion (ECF No. 63) is **DENIED**.

---

[1] Defendants contend that "[n]o expert witness . . . should be permitted to render conclusions regarding an ultimate issue at trial[]" but only specify Dr. Nair's use of the phrase "permanent and substantial physical deformity" as excludable testimony. (ECF No. 63.) To the extent that Defendants request that the Court preclude unspecified expert testimony, that request is **DENIED**.

4

C.  **Defendants' Motion to Preclude Plaintiffs' Expert Charles Scales from Testifying as to Negligent Hiring, Training, Supervision, and Retention Opinions**

In their second Motion *in Limine*, Defendants ask the Court to exclude testimony from Plaintiffs' accident reconstruction expert, Charles Scales, on Veeco's alleged negligent hiring, training, supervision and/or retention of Mr. Rivera, arguing that (1) such testimony falls outside the scope of Mr. Scales's expertise; and (2) his opinions would not aid the jury. (ECF No. 66).

The Sixth Circuit employs a three-pronged approach in Rule 702 analysis.

> First, the witness must be qualified by "knowledge, skill, experience, training, or education." Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Third, the testimony must be reliable.

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting Fed. R. Evid. 702). "The party offering the expert testimony has the burden of establishing its admissibility by a preponderance of the evidence." *Id.* (citing *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) and *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001)).

1.  **Knowledge and Experience**

"To qualify as an expert under Rule 702, a witness must first establish their expertise by reference to 'knowledge, skill, experience, training, or education.'" *United States v. Higgins*, No. 3:18-CR-186, 2022 WL 36511, at *3 (S.D. Ohio Jan. 4, 2022) (Rose, J.) (quoting Fed. R. Evid. 702). Additionally, the expert's training and qualifications must relate to the subject matter of the proposed testimony. *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997). "[T]he issue with

5

regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry*, 25 F.3d at 1351. Exclusion is proper when "the subject of the testimony lies outside the witness' area of expertise." 4 Weinstein's Fed. Evid. § 702.06[1], at 702-52 (2000).

Defendants argue that Mr. Scales is not qualified as an expert to offer the following opinions:

1. Mr. Rivera "failed to describe the basic steps necessary to properly conduct a pretrip inspection."

2. Mr. Rivera "was confused or did not understand the rule of thumb for establishing a safe following distance. He should know to look 15 seconds ahead and follow at about 7 to 8 second. He cited 15 [seconds] as the following distance."

3. "On five occasions, [Mr. Rivera] did not document air leaks or brake adjustment issues that should have been discovered during a pre-trip inspection."

4. Mr. Rivera "was only documenting a few minutes of 'On Duty' time before driving each day, which is not enough time to complete a pre-trip inspection."

5. Mr. Rivera "twice failed to properly document hours of service."

6. "These examples reflect a lack of skills and knowledge that Veeco's management team should have detected while maintaining required files and during the initial hiring and training process."

(ECF No. 66, PAGEID # 816 (citing ECF No. 66-2, PAGEID # 841).)

Plaintiffs counter that Mr. Scales's crash reconstruction expertise includes expertise in "commercial vehicle regulations" and, therefore, he is "familiar with, and can explain the importance of, proper commercial driver training, pre-trip

6

inspections, and [Federal Motor Carrier Safety Regulations / Commercial Drivers License] Manual compliance." (ECF No. 74, PAGEID # 952.)

The Court is not persuaded at this juncture that Mr. Scales lacks the expertise under Rule 702 to render an opinion on these issues. Mr. Scales is a former Ohio State Highway Patrol Sergeant who led a crash reconstruction team and supervised over 700 accident reconstructions in that role. (ECF No. 66-2, PAGEID # 845.) He testified that his expertise "is a carryover from being a state trooper and the -- the crash reconstruction as it ties into handling crashes, dealing with commercial vehicles, the regulations of the industry." (ECF No. 39, PAGEID # 529.) His experience includes "[d]evelop[ing] the required vehicle and driver files including medical certificate, hours of service logs, and successful new entrant safety audit for compliance as a US Department of Transportation regulated operator of a commercial vehicle." (ECF No. 66-2, PAGEID # 850.)

### 2. Relevance and Reliability

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue . . . . Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (cleaned up). "Whether an opinion 'relates to an issue in the case' or helps a jury answer a 'specific question' depends on the claims before the court. Thus, when analyzing the

7

relevancy of expert testimony, a court should consider the elements that a plaintiff must prove." *Madej v. Maiden*, 951 F.3d 364, 370 (6th Cir. 2020).

The elements of a negligent hiring, retention, or supervision claim are:

(1) the existence of an employment relationship;
(2) the employee's incompetence;
(3) the employer's actual or constructive knowledge of such incompetence;
(4) the employee's act or omission causing the plaintiff's injuries; and
(5) a causal link between the employer's negligence in hiring, supervising, and retaining the employee and the plaintiff's injuries.

*Alleman v. YRC*, 787 F. Supp. 2d 679, 683 (N.D. Ohio 2011) (citing *Lehrner v. Safeco ins./Am. States Ins. Co.*, 872 N.E.2d 295, 305 (Ohio Ct. App. 2007)). For a negligent hiring, training, supervision, and/or retention claim in the context of car accidents, factors that may be considered include:

[W]hether the driver had been involved in other accidents, whether the driver participated in regular training, whether the driver was properly licensed, whether the driver could speak English, whether the employer conducted a background check of the employee, and whether the employer conducted a reasonable inquiry into the driver's abilities before hiring.

*Madera v. KTC Express, Inc.*, No. 3:19-CV-01516, 2022 WL 2916868, at *7 (N.D. Ohio July 25, 2022) (collecting cases).

Mr. Scales's testimony on Mr. Rivera's compliance with commercial vehicle regulations goes towards Mr. Rivera's competence (or lack thereof) as a commercial vehicle operator and Veeco's ability to foresee the accident that allegedly caused Plaintiffs' injuries.

Accordingly, the Motion (ECF No. 66) is **DENIED**.

8

**II.     Motion to Bifurcate Compensatory and Punitive Damages at Trial**

Defendants also move to bifurcate Plaintiffs' claims for punitive damages from liability and compensatory damages under Ohio Rev. Code § 2315.21 and Fed. R. Civ. P. 42(B). (ECF No. 71.) Plaintiffs oppose to the extent Defendants request "bifurcation in full of the punitive damages claims and compensatory damages claims." (ECF No. 72, PAGEID # 923.)

Defendants argue that the Ohio statute mandates bifurcation of Plaintiffs' claims for punitive damages. Ohio Revised Code § 2315.21(B)(1), governing tort actions, requires the court to bifurcate claims for compensatory damages from claims for punitive or exemplary damages. Fed. R. Civ. P. 42(b), on the other hand, *permits* the court, in its discretion, to bifurcate claims for trial. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). "Rule 42(b) is a valid procedural rule and therefore controls a bifurcation analysis in federal court despite the conflicting Ohio law."[2] *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1151 (S.D. Ohio 2021) (Sargus, J.) (collecting cases). Thus, "while bifurcation is required in Ohio state courts upon a party's request, 'in suits involving claims for compensatory

---

[2] Defendants argue that the Ohio Supreme Court has held that Ohio Revised Code § 2315.21(B)(1) creates a substantive right. (ECF No. 71, PAGEID # 917 (citing *Havel*, 963 N.E.2d 1270 at 1276–77 (Ohio 2012)). However, "[j]ust because the Ohio Supreme Court has interpreted this statute to provide a substantive right to bifurcation does not mean that a federal court is bound by the characterization. A state's characterization of its own rule as substantive instead of procedural must yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court." *Bonasera*, 518 F. Supp. 3d at 1152 (internal quotations omitted) (citing *Patel Fam. Tr. v. AMCO Ins. Co.*, No. 2:11-CV-1003, 2012 WL 2883726, at *2 (S.D. Ohio July 13, 2012)) (citation omitted).

9

and punitive damages,' the same is not true in federal court." *King v. City of Columbus*, Ohio, No. 2:18-CV-1060, 2023 WL 179554, at *2 (S.D. Ohio Jan. 13, 2023) (Sargus, J.) (citing *Havel v. Villa St. Joseph*, 963 N.E.2d 1270, 1276–77 (Ohio 2012)).

Defendants argue that trial should be bifurcated because the "[p]resentation of any evidence related to intentional or reckless conduct would cause confusion to the jury and unfairly prejudice the Defendants." (ECF No. 71, PAGEID # 919.) Plaintiffs respond that "much of the same evidence is going to overlap in both the case for compensatory damages and punitive damages" and that the Court should bifurcate evidence that relates *solely* to the issue of punitive damages. (ECF No. 72.)

The Court agrees with Plaintiffs. Defendants acknowledge that Plaintiffs "allege negligence against [them], including willful, wanton, and reckless misconduct." (ECF No 71, PAGEID # 918.) Punitive damages are available under Ohio law for personal injury caused by malice or intentional, reckless, wanton, willful and gross acts. *Whetstone v. Binner*, 57 N.E.3d 1111, 1114 (Ohio 2006) (citation and internal quotation marks omitted). Thus, any evidence of Defendants' intentional or reckless conduct is relevant not only to liability and compensatory damages but also to punitive damages.

Thus, this Court will bifurcate evidence admissible only for purposes of punitive damages from the compensatory damages phase. In the first phase, the jurors will hear all evidence, except for evidence only admissible for determining punitive damages. If the jurors find Defendants liable and indicate by interrogatory

10

that the standard for punitive liability has been met, the trial will proceed to the second phase where the jurors will be permitted to hear evidence that is admissible only as to punitive damages, such as Defendants' financial condition.

Accordingly, Defendants' Motion to Bifurcate the Issue of Punitive Damages is **GRANTED in part** and **DENIED in part**.

### III. CONCLUSION

For the reasons above, the pending pretrial motions are decided as follows:

- Defendants' Motion to Preclude Expert Testimony on Legal Conclusions Regarding Ultimate Issues (ECF No. 63) is **DENIED**.

- Defendants' Motion to Preclude Testimony of Plaintiffs' Expert Charles Scales from Testifying as to Negligent Hiring, Training, Supervision and Retention Opinions (ECF No. 66) is **DENIED**.

- Defendants' Motion to Bifurcate Compensatory and Punitive Damages at Trial (ECF 71) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**